IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BARRY SEARCY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV06-01-S-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| ADA COUNTY, a political subdivision of the State of Idaho; J. DAVID NAVARRO, GREG H. BOWER, ROGER A. BOURNE, CONNIE VIETZ, LARRY D. REINER, DARLA S. WILLIAMSON, KEVIN SWAIN, GARY RANEY, and JUNE GARDNER, in their individual and official capacities; JOHN and JANE DOES 1 through 20, fictitiously named persons, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff's prisoner civil rights Complaint was conditionally filed by the Clerk of Court and reassigned to this Court from the magistrate division to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## I.

### REVIEW OF COMPLAINT

**A.     Background**

Plaintiff asserts that he wrote a letter to the County Prosecutor's Office, asking the

**INITIAL REVIEW ORDER  1**

prosecutor to file criminal charges against Shirley Audens, the Senior Accountant for the Idaho Department of Correction (IDOC).  The request arose from Audens' refusal to process withdrawals from Plaintiff's inmate trust account payable to his personal investment account due to her interpretation of an IDOC policy regarding inmate accounts.  *See Searcy v. Audens*, CV04-488-S-LMB.  Defendant Assistant Prosecutor Vietz, on Defendant Prosecutor Bower's letterhead, wrote a letter to Plaintiff declining prosecution.

Plaintiff thereafter tried to file a private citizen's complaint before an Ada County magistrate, seeking an independent investigation and determination of probable cause regarding Audens' conduct.  Upon receipt of Plaintiff's complaint, Defendant Ada County Clerk of Court Navarro sent it to the Ada County Prosecutor's Office rather than filing it and routing it to a magistrate judge.  Plaintiff complained to Defendant Ada County District Judge Williamson.  Eventually, Defendant Ada County Magistrate Swain heard and dismissed Plaintiff's complaint.

**B.     Applicable Law and Discussion**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof which states a frivolous or malicious claim, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

**INITIAL REVIEW ORDER  2**

1915(e)(2)(B); 28 U.S.C. § 1915A.

In *Brinson v. McKeeman*, 992 F.Supp. 897, 904 (D. Tex. 1997), the court outlined the federal district court's duty in screening complaints:

> Title 28 U.S.C. Section 1915(e) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. In an action filed in forma pauperis, a court may raise sua sponte the issue of whether an action is malicious or frivolous under Section 1915(e). Dismissal of a claim as frivolous under Section 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. Typical examples of claims which can be dismissed pursuant to Section 1915(e) include (1) claims against which it is clear that the defendants are immune from suit, (2) claims of infringement of a legal interest that clearly does not exist, and (3) claims which are barred by limitations.

Plaintiff is alleging that Defendants prevented him from pursuing criminal charges against IDOC employee Shirley Audens. An inmate has a constitutional right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977), and may recover for denial of that right in a civil rights lawsuit if he can demonstrate that an actual injury occurred as a result of the alleged denial. *Lewis v. Casey*, 518 U.S. 343 (1996). However, the *Lewis* Court noted that the *Bounds* right to access courts covers only a limited type of cases: direct appeals from convictions for which the inmate is incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Id.*, 518 U.S. at 354. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*, 518 U.S. at 355.

**INITIAL REVIEW ORDER  3**

To state an access to the courts claim, a plaintiff must allege that the state hindered his efforts to pursue a *nonfrivolous* legal claim and that he suffered some actual concrete injury. *Lewis v. Casey*, 518 U.S. 343, 350-354 (1996). Prisoners possess no constitutionally-protected right to file frivolous lawsuits. *See Johnson v. Rodriguez*, 110 F.3d 299, 310-13 & 316 (5th Cir.1997), *cert. denied*, 522 U.S. 995 (1997).

Here, the factual basis of each of Plaintiff's claims is that Defendants hindered his "right" to pursue criminal charges against Shirley Audens for her refusal to allow Plaintiff to directly invest his money with an outside investment firm. Audens' refusal to allow the investment was a result of her interpretation of prison policy. There is no allegation that Audens confiscated, took, or stole Plaintiff's money for herself, for the prison, or for some third party. Rather, Audens redeposited Plaintiff's funds into his prison trust account. *See Complaint* in *Searcy v. Audens*, Case No. CV04-488-S-LMB, at ¶¶ 20-25 (Docket No.1). Plaintiff's allegations do not support a criminal charge, nor do they state a civil rights violation. Ultimately, inmates' ability to directly invest their money directly with a broker was remedied in Plaintiff's prior suit, CV04-488-S-LMB, which was an appropriate way to address the issue.

However, when Plaintiff pressed the prosecutor, the state court, and others to allow him to pursue criminal charges against Audens, he was seeking to pursue a frivolous claim. The "actual injury" requirement in a First Amendment access to courts claim is missing in Plaintiff's allegations because Audens' actions were not criminal.

Further, Plaintiff has no constitutional right to have another person criminally

**INITIAL REVIEW ORDER  4**

prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F.Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice.").

Because Plaintiff's facts fail to state a federal claim upon which relief can be granted, the Court declines to review his state law causes of action. Plaintiff's case is dismissed in its entirety.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED.

DATED: **May 17, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**INITIAL REVIEW ORDER 5**